UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMESHA COLE | No. 2:16-cv-1597-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Timesha Cole seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled since March 8, 2013, the date that plaintiff's SSI application was filed. (ECF No. 20.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 26.) No optional reply brief was filed, and the case was submitted for decision without oral argument on the record and written briefing.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 8, 10.)

1

For the reasons that follow, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

I.   BACKGROUND

Plaintiff was born on January 23, 1993; has completed her GED; can communicate in English; and has not previously worked. (Administrative Transcript ("AT") 74, 86, 219, 243-44.)[2] On March 8, 2013, plaintiff applied for SSI, alleging that her disability began on February 11, 2012.[3] (AT 66, 143, 219.) Plaintiff claimed that she was disabled due to sexual abuse as a child, mood swings, mental issues, depression, anxiety, bipolar disorder, paranoia, and insomnia. (AT 244.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on December 8, 2014, at which plaintiff, represented by counsel, and a vocational expert ("VE") testified. (AT 80-110.) The ALJ subsequently issued a decision dated February 6, 2015, determining that plaintiff had not been under a disability, as defined in the Act, from March 8, 2013, the date that plaintiff's SSI application was filed, through February 6, 2015, the date of the ALJ's decision. (AT 66-75.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on May 9, 2016. (AT 1-7.) Plaintiff subsequently filed this action in federal district court on July 12, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.   ISSUES PRESENTED

On appeal, plaintiff raises the sole issue of whether the case should be remanded for further proceedings based on new evidence presented to the Appeals Council.

////

////

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Regardless of the alleged disability onset date, SSI is not payable prior to the month following the month in which the application was filed. 20 C.F.R. § 416.335.

2

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[4] At the first step, the ALJ concluded that plaintiff had not

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the

engaged in substantial gainful activity since March 8, 2013, plaintiff's SSI application date. (AT 68.) At step two, the ALJ found that plaintiff had the following severe impairments: depression, bipolar disorder, and personality disorder. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 69.) Specifically, the ALJ noted that plaintiff did not meet the criteria for Listings 12.04 (for depressive, bipolar, and related disorders) or 12.06 (for anxiety and obsessive-compulsive disorders). (Id.)

> Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:
>
>> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: work is limited to simple, repetitive tasks in a non-public setting. She can have occasional interaction with coworkers and supervisors, but cannot perform tandem work or work that requires teamwork to complete a task. She must work independently.

(AT 70.) At step four, the ALJ determined that plaintiff had no past relevant work. (AT 74.) However, at step five, the ALJ found, based on the VE's testimony, that, considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. (Id.) Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from March 8, 2013, plaintiff's SSI application date, through February 6, 2015, the date of the ALJ's decision. (AT 75.)

////

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Plaintiff's Substantive Challenges to the Commissioner's Determinations

Before this court, plaintiff does not challenge the ALJ's evaluation of the opinion evidence, the ALJ's adverse credibility findings, or the ALJ's assessment of plaintiff's RFC. Instead, plaintiff contends that the case should be remanded for further proceedings, because when new evidence first presented to the Appeals Council is considered, the ALJ's decision is no longer supported by substantial evidence. See Brewes v. Comm'r of Soc. Sec., 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."). For the reasons discussed below, that argument is unpersuasive.

Plaintiff contends that remand is warranted in light of a one-page psychiatric medical source statement, dated March 6, 2015, and submitted by Dr. Roy Schutzengu, plaintiff's treating physician, purportedly suggesting that plaintiff meets Listing 12.04. The statement assessed various marked mental impairments with respect to interaction with supervisors and co-workers, the ability to perform even simple one-or-two step job instructions, concentration, and stress. The statement notes an initial clinic visit of October 2013, states that plaintiff is not currently stable, and offers a poor prognosis. (AT 640.) Even assuming, without deciding, that the statement relates to the relevant period under review, the court finds that it does not disturb the substantial evidence supporting the ALJ's decision.

As an initial matter, it is far from clear that Dr. Schutzengu was plaintiff's treating physician. His name does not appear on any of plaintiff's treatment notes in the record, and there is no documentation that Dr. Schutzengu provided any therapy, medication management, or other treatment to plaintiff. Even if he did, the statement is entirely conclusory and unsupported by any clinical findings or rationale. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). As such, it is entitled to little, if any, weight, and contrary to plaintiff's contention, is not sufficient to show that plaintiff meets Listing 12.04 or any other mental health listing.

Moreover, even setting aside the defects of Dr. Schutzengu's opinion, the ALJ's decision remains supported by substantial evidence.

The ALJ relied on the opinion of consultative examiner and clinical psychologist Dr. Deborah Lacy, who examined plaintiff on August 3, 2013, and prepared a detailed report with clinical findings. (AT 328-35.) On a mental status examination, plaintiff was clean and well groomed, interacted appropriately, and had normal thought processes and thought content, normal speech, a depressed mood, a full but subdued affect, normal orientation, average intellect, intact memory, an appropriate fund of knowledge, normal ability to perform simple calculations, normal concentration, intact abstract thinking, and impaired insight and judgment. (AT 331-33.) Although the examination ultimately rendered largely normal findings, Dr. Lacy observed that plaintiff was at times guarded and did not volunteer information spontaneously, noting that plaintiff "did not appear genuine, as she just appeared to give a poor effort during the mental status examination." (AT 334.) She diagnosed plaintiff with depressive disorder and personality disorder, and stated that her "symptom severity is considered to be within the mild range." (AT 333-34.)

Dr. Lacy opined that plaintiff was unimpaired in her ability to perform simple and repetitive tasks, as well as detailed and complex tasks; mildly impaired in her ability to maintain regular attendance, perform work activities on a consistent basis and without special/additional supervision, and complete a normal workday or work week without interruptions resulting from psychiatric conditions; and moderately impaired in her ability to relate and interact with coworkers and the public, and deal with the usual stresses encountered in competitive work. (AT 334-35.) Because Dr. Lacy personally examined plaintiff and made independent clinical findings, her opinion constitutes substantial evidence on which the ALJ was entitled to rely. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Dr. Lacy's opinion supports the ALJ's assessment of plaintiff's RFC, as well as the ALJ's conclusion that plaintiff did not meet Listing 12.04 or any other mental health listing.

Furthermore, the state agency physicians also found that plaintiff had mild restriction of activities of daily living and moderate difficulties with social functioning and maintaining

concentration/persistence/pace, thereby rendering her capable of performing and maintaining simple repetitive tasks with limited public and co-worker interaction during a normal work week. (AT 137, 140, 150, 153.) Such findings are consistent with plaintiff's activities, which included taking care of personal hygiene, cooking, cleaning, taking public transportation, managing and budgeting her general assistance and food stamps, paying her cell phone bill, going to church and Bible study, going shopping, and walking 5-6 hours per day. (AT 69, 87, 93-95, 97-100, 331.)

Therefore, substantial evidence supports the ALJ's findings, even if Dr. Schutzengu's conclusory and minimally supported opinion were given some weight.

## V. CONCLUSION

In sum, the court finds that ALJ's decision is free from prejudicial error and supported by substantial evidence in the record as a whole, even when the new evidence presented to the Appeals Council is considered along with the other evidence that was before the ALJ. Consequently, no remand is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 20) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 26) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: July 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE